ACCEPTED
03-14-00250-CV
3901099
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/26/2015 3:12:16 PM
JEFFREY D. KYLE
CLERK

In The
Court of Appeals
For The
Third District of Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/26/2015 3:12:16 PM
JEFFREY D. KYLE
Clerk

NO. 03-14-00250-CV

American Homesites, TX, LLC and Alexandra Krot, *Appellants*

v.

Fidelity National Title Insurance Company, *Appellee*

On Appeal from the 353rd District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-14-000590

## APPELLANTS' MOTION FOR REHEARING

Donald H. Grissom
State Bar No. 08511550
don@gandtlaw.com
509 West 12th Street
Austin, Texas 78701
(512) 478-4059
(512) 482-8410 fax

ATTORNEY FOR APPELLANTS

1

In The
Court of Appeals
For The
Third District of Texas

---

NO. 03-14-00250-CV

---

American Homesites, TX, LLC and Alexandra Krot, *Appellants*

v.

Fidelity National Title Insurance Company, *Appellee*

---

On Appeal from the 353rd District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-14-000590

---

## APPELLANTS' MOTION FOR REHEARING

---

TO THE HONORABLE FIFTH COURT OF APPEALS:

Appellants American Homesites, TX, LLC and Alexandra Krot, ("Appellants") file this, their Motion for Rehearing of the Court's Memorandum Opinion dated December 31, 2014. In support of their motion, Appellants respectfully show the Court the following:

## I.    INTRODUCTION

This is an action for breach of fiduciary duties, fraud and conspiracy to commit fraud. Over the course of months, Appellee successfully colluded

2

with other parties to denude Appellants out of hundreds of thousands of dollars in a fraudulent real estate scheme.

By this Motion for Rehearing, Appellants, American Homesites, TX, LLC and Alexandra Krot, ask this Court to revisit its decision to affirm the Trial Court's granting of Defendant's Traditional and No-Evidence Motion for Summary Judgment. Rehearing is appropriate in this litigation because the Court's ruling neglects critical evidence presented and has a dispositive effect. For that reason, Appellants urge the panel to consider the following argument.

## II. PROCEDURAL BACKGROUND

In 2006, Appellants filed suit against several Defendants (Sky Group of Texas, Wolf, Zaretsky, et al) in Cause No. D-1-GN-06-004414, In the 353rd Judicial District Court of Travis County, Texas. In May 2013, Appellants sued Appellee alleging conspiracy to commit fraud and fraudulent concealment of evidence that tolled the statute of limitations. Thereafter, Appellee filed a No-Evidence and Traditional Motion for Summary Judgment. The Trial Court granted the Motion on January 30, 2014 (R. at 568). Appellee then filed a Motion to Sever the claims against Appellee which was granted on February 21, 2014 (R. at 569). The severed action was assigned Cause No. D-1-GN-14-000590 (R. at 569) and

3

Appellants filed their Notice of Appeal on April 21, 2014 (R. at 591). Later, on December 31, 2014, this Court issued their Memorandum Opinion, affirming the Trial Court's order granting summary judgment for Appellee.

## II. ARGUMENT

In the Record, Appellants clearly identified which documents were received in 2013 that were not previously produced in the 2007 round of production, and that the 6,000 plus documents produced in 2013 demonstrated Appellee's role in fraudulent activities where the 2007 documents presented Appellee as an innocent bystander.

In Appellant, Krot's affidavit (R. at 252), at paragraph 11, the documents produced in 2013 are distinguished from those produced in 2007. Krot unequivocally states that none of the 6,000 documents produced in 2013 were part of the original 2007 production. Indeed, Fidelity did not contradict this claim. Fidelity never claimed or argued that any of the 2013 6,000-page production was produced in 2007. Krot further specifically identifies that the documents referenced and attached to the affidavit and response to Fidelity's motion for summary judgment were part of the 6,000 pages -- not previously produced.

The documents identified below were not contained in the 2007 production, but were produced in 2013 and showed the following:

4

- Appellee knew that the principals of J&T (Wolf, Zaretsky, and Borokhovich) were the same as the principals of Waterfall Gallery as evidenced by (1) Secretary of State Filings for Waterfall Gallery (R. at 446) Wild Horse Ranch 002239-002246, (2) Indemnity and Guaranty Agreement (R. at 469) Wild Horse Ranch 000082-000097, and (3) Secretary of State Filings for J&T Development (R. at 516) Wild Horse Ranch 004863-004865. The buyer and seller were one in the same. In essence, self-dealing;

- Appellee closed the sale of the 200-acre tract from J&T to Waterfall Gallery of Austin. (R. at 462) even though Sky Station 200 still held the purchase contract assignment from Sky Group. (R. at 461) as evidenced by (1) Assignment of Unimproved Property Contract (R. at 461), and (2) General Warranty Deed With Vendors Lien (R. at 462) Wild Horse Ranch 002560-002566. There was no contract on which Fidelity could open a guaranty file;

- Appellee held $25,000 of Appellants' money as earnest money (R. at 426) as evidenced by the Chart of "Funds received by Fidelity National Title Insurance Company" Wild Horse Ranch

5

004708 (R. at 426). Fidelity knew that it was using monies held for other persons to close this transaction;

- Appellee held $150,000 of Appellants' money on the 200-acre contract (R. at 426) as evidenced by the Chart of "Funds received by Fidelity National Title Insurance Company" Wild Horse Ranch 004708 (R. at 426);

- Appellee held $300,000 of Appellants' money on the 414-acre contract. (R. at 426) as evidenced by the Chart of "Funds received by Fidelity National Title Insurance Company" Wild Horse Ranch 004708 (R. at 426);

- Fidelity opened numerous guaranty files on the entirety of the Wild Horse Ranch and various sub-parts (R. at 396-97 and 408) although there were no contracts or surveys to support these files; and

- Fidelity wired out over two million dollars at the direction of the other defendants, which made this a cash-back at closing transaction (R. at 162).

When taken together this evidence shows, at least circumstantially, that Fidelity participated in the conspiracy to defraud Appellants. None of these facts were known or made available to the Appellants in the

6

documents produced in 2007.

## III.   CONCLUSION

It is not the great disparity in the number of documents produced that evidence Appellee's fraudulent concealment; it is the facts contained within the newly produced documents that provide the reason for the previous concealment of records as well as the extent of Appellees role. Using logical reasoning, one can make the inference that the withholding of records was meant to conceal wrongdoing by the producing party, in this case, the Appellee, and thus toll the statute of limitations.

## IV.   PRAYER

Appellants respectfully request that this Court reverse its opinion of December 31, 2014, grant Appellants a new hearing, and such other and further relief, at law or equity, to which they may be justly entitled.

Respectfully submitted,

/s/DonaldHGrissom

**Donald H. Grissom**

don@gandtlaw.com

GRISSOM & THOMPSON, LLP

TX State Bar No. 08511550

William W. Thompson, III

TX State Bar No. 19960050

509 West 12th Street

Austin, Texas 78701

512/478-4059

512/482-8410 Fax

ATTORNEY FOR APPELLANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in compliance with Texas Rules of Appellate Procedure, via facsimile, electronic, or certified mail return receipt requested, on January 26, 2015.

/s/DonaldHGrissom

Donald H. Grissom

Christopher R. Mugica

Jackson Walker, LLP

100 Congress Avenue, Suite 1100

Austin, Texas 78701

512-236-2000

512-236-2002 fax

## CERTIFICATE OF COMPLIANCE

I hereby certify on this date that the foregoing document contains 1,185 words.

/s/DonaldHGrissom

Donald H. Grissom